UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PACIFIC CREDIT EXCHANGE,<br><br>　　　　Defendant. | Case No. 21-cv-02374-JCS<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**<br><br>Re: Dkt. Nos. 1, 3 |

## I.　INTRODUCTION

Plaintiff Richard Washington, pro se, applies to proceed in forma pauperis. *See* dkt. 3. Sufficient cause having been shown, that application is GRANTED.

The Court now reviews the sufficient of Washington's complaint under 28 U.S.C. § 1915(e)(2)(B). Washington is ORDERED TO SHOW CAUSE why his complaint should not be dismissed for the reasons discussed below. No later than October 18, 2021, Washington must file either an amended complaint curing the deficiencies addressed in this order or a response arguing why his current complaint is sufficient. If Washington does not file such a response or his response fails to cure the deficiencies addressed herein, the case will be reassigned to a United States district judge with a recommendation for dismissal.

The case management conference previously set for September 24, 2021 is CONTINUED to November 19, 2021 at 2:00 PM, to occur via Zoom webinar.

## II.　THE COMPLAINT

Because a plaintiff's allegations are generally taken as true in resolving the sufficiency of a complaint, this section summarizes the allegations of Washington's complaint as if true. Nothing in this order should be construed as resolving any issue of fact that might be disputed.

On February 23, 2021, Washington submitted a complaint to the Consumer Financial Protection Bureau ("CFPB") regarding Defendant Pacific Credit Exchange ("PCE"). Compl. (dkt. 1) ¶ 6. His complaint to the CFPB reads as follows:

> 15 U.S.C. 1601 Violations 1. Fraudulently used my credit card in an application(s) for credit reports. [12 CFR § 1026.61 (a), (3); [12 CFR § 1026.61 (a), (15) 2. Fraudulently used my credit card to open a credit card account(s) [12 CFR § 1026.61 (a), (15)] 3. They are not the original creditor. [12 CFR § 1026.61] 4. No consumer credit contract was established. [12 CFR § 1026.61 (a), (12)] 5. Submitted information about alleged transactions or experiences to credit reporting companies. [15 U.S.C. 1681 (2,A,)].

*Id.* Ex. A (brackets in original).

According to Washington, PCE "responded to the CFPB complaint using profane and obscene language; they furnished documents, admitted to several federal law violations and incriminated themselves." *Id.* ¶ 7. Washington asserts that documents furnished by PCE in response "contained violations to several federally protected consumer rights." *Id.* PCE's response, as stated in a CFPB report attached to Washington's complaint, reads as follows:

> Upon receiving Mr Washington's CFPB complaint, I, on behalf of Pacific Credit Exchange (PCE) opened an investigation into Mr. Washington's allegations. I found that PCE is an assignee for collection purposes for a car loan that Mr Washington defaulted on. The original credit and assignor is California Auto Finance (CAF) PO Box 14225 Orange CA 92863. I have attached a copies of the contract & ledger that CAF supplied us at time of assignment. In direct response to Mr Washington numbered allegations #1 & #2 PCE never accessed any credit or debit card that belongs to Mr. Washington. #3 Mr. Washington is correct PCE is not the original creditor, California Auto Finance is, as I previously stated. #4 A consumer contract was opened by Mr. Washington by purchasing a car that was financed by California Auto Finance. #5 Mr. Washington is correct, PCE has reported the collection account information to the credit bureaus. It is PCE's position that this is a valid debt and the information PCE supplied to the credit bureaus is allowed by law. James Schaffer President Pacific Credit Exchange

*Id.* Ex. A. An account detail statement is attached, apparently submitted to the CFPB by PCE, which Washington has marked with references to a number of statutory sections—specifically, 15 U.S.C. §§ 1601, 1602, 1605, 1611, 1635, 1640, and 1692(f)(i). Compl. Ex. A. The CFPB closed the complaint after receiving PCE's response. *Id.*

On February 25, 2021, Washington "mailed an Affidavit of Truth, Debt Validation Letter,

and Invoice" to PCE. *Id.* ¶ 8. Those documents asserted a right to verify the debt under 15 U.S.C. § 1692g and, like his CFPB complaint, included a number of citations to various subparts of 12 C.F.R. § 1026.61. Compl. Ex. B.

On February 26, 2021, Washington filed complaints with the Attorney General of California and the California Department of Financial Protection including similar allegations to his CFPB complaint. *Id.* ¶¶ 9–10 & Exs. C–D. PCE provided similar responses, which Washington characterizes as defamatory and in violation of "federal law." *Id.*

Washington has attempted to contact the purported original creditor, California Auto Finance, and has filed a CFPB complaint against it, but has not received a response. *Id.* ¶¶ 11–12 & Ex. E.

Washington mailed additional documents to PCE on March 12, 2021 but his mail was returned as undeliverable, despite using the same address where he had previously used for PCE. *Id.* ¶¶ 13–14 & Exs F–G. He also filed another CFPB complaint against PCE on March 12, 2021, reading as follows:

> Multiple TRUTH IN LENDING 15 USC 1601 laws are being violated and causing me great injury. I sent an Affidavit of Truth, Debt Validation Letter, and invoice to PACIFIC CREDIT EXCHANGE. I also filed a CFPB complaint. PACIFIC CREDIT EXCHANGE admits to opening accounts, furnishes documents, produces my personal information and uses profane and obscene language. They do so within the response to the CFPB complaint and letters to my personal address. My credit card, as defined by 15 USC 1602 of TRUTH IN LENDING is being unauthorizedly used fraudulently by PACIFIC CREDIT EXCHANGE. They have refused to remedy the situation and adhere to the federal laws in governance. I am the original creditor and consumer and my rights are being violated and infringed upon.

*Id.* ¶ 15 & Ex. H. PCE responded on March 20, 2021, stating that it stood by its response to Washington's previous CFPB complaint. *Id.* Ex. H. The CFPB closed the second complaint after receiving PCE's response. *Id.*

Washington asserts that PCE "further infringed upon [his] federally protected consumer rights, by mailing [him] threats, furnishing documents, profane language and obscene language on March 15, 2021." *Id.* ¶ 16. He attaches a letter from PCE bearing that date that includes an account number, lists California Auto Finance as the original creditor, and reads as follows:

3

> Mr. Washington,
>
> In response to your recent request for validation of a debt on the above matter, please find attached copies of the contract and the ledger that are the basis of this debt.
>
> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, Pacific Credit Exchange may continue to report it to the credit reporting agencies as unpaid for as long as the law permits this reporting.

*Id.* Ex. I. PCE's letter attaches what appears to be a contract between Washington and "Phantom Motors" (although the version filed in the record of this case is low-resolution and not entirely legible), as well as an account ledger. *Id.*

Washington asserts two claims against PCE, for violation of the Truth in Lending Act ("TILA"), citing 15 U.S.C. § 1601, and the Fair Debt Collection Practices Act ("FDCPA"), citing 15 U.S.C. § 1692. His TILA claim is as follows:

> 17. PACIFIC CREDIT EXCHANGE unauthorizedly used my credit card in applications for credit reports and stole my identity fraudulently.
>
> 18. PACIFIC CREDIT EXCHANGE unauthorizedly used my credit card to access my personal information which constitutes as identity theft and fraud. This information was used to harass, annoy, threaten and cause me injury.
>
> 19. PACIFIC CREDIT EXCHANGE unauthorizedly used my credit card to open credit consumer accounts. These fraudulently opened accounts, hurt my reputation, causing economical disadvantages, post traumatic stress, mental anguish and injury.
>
> 20. PACIFIC CREDIT EXCHANGE fabricated bills and contracts that misrepresent finance charges.
>
> 21. PACIFIC CREDIT EXCHANGE willfully and knowingly gives false information about me which hurts my reputation, causes economical disadvantages, post traumatic stress, mental anguish and injury.

Compl. ¶¶ 17–21. His FDCPA claim reads as follows:

> 22. PACIFIC CREDIT EXCHANGE fabricated bills and contracts that show a positive number as the finance charge and that the credit, in fact, originates from me.
>
> 23. PACIFIC CREDIT EXCHANGE mailed me letters that use obscene language and profane language.

>       24. PACIFIC CREDIT EXCHANGE threatened me and caused post traumatic stress and mental anguish.
>
>       25. PACIFIC CREDIT EXCHANGE gives false implications that accounts were turned over to them innocently by the alleged original creditor.
>
>       26. PACIFIC CREDIT EXCHANGE mailed letters to my personal address without permission and indicates that they are debt collectors. This is embarrassing and defames my character.
>
>       27. PACIFIC CREDIT EXCHANGE furnishes documents, for an alleged debt, that clearly shows no contract, agreement or authorization was given to them for such collection attempt. They stole my identity and committed fraud.

*Id.* ¶ 27.

## III.  ANALYSIS

### A.  Legal Standard

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that lacks such statement fails to state a claim and must be dismissed.

In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions" and to "mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)).

### B. Washington's Complaint Is Not Sufficient

Washington's complaint does not provide a short and plain statement of his claim that would put PCE on notice of either the conduct through which it allegedly violated TILA and the FDCPA or the provisions of those statutes it purportedly violated.

Much of Washington's complaint consists of the sort of conclusory statements held insufficient in *Iqbal* and *Twombly*: for example, that PCE "unauthorizedly used [Washington's] credit card to access [his] personal information" and to "open credit consumer accounts," that it "fabricated bills and contracts," and that it "knowingly gives false information" about Washington. Compl. ¶¶ 18–21. The complaint fails to explain what personal information PCE allegedly accessed, what accounts it allegedly opened, what documents it allegedly fabricated, or what information it provided that was false. In some instances, such as Washington's assertions that PCE used "profane and obscene language" in its written responses, *id.* ¶¶ 7, 16, 23, his conclusory allegations appear to be contradicted by the documents attached to his complaint, which include no language that could in any way be characterized as obscene or profane, *see id.* Exs. A, I. It is also not entirely clear whether Washington disputes that he incurred the debt or that PCE was authorized to collect it, or if his claims are based solely on the manner in which PCE has attempted to do so.

For the most part, Washington's complaint does not tie any of PCE's alleged misconduct to any particular provision of law. While the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for *imperfect* statement of the legal theory supporting the claim asserted," they require at least "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *See Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (quoting Fed.

R. Civ. P. 8(a)(2)) (emphasis added). Both of the statutes at issue govern a wide range of lending and debt collection conduct, with detailed regulations setting forth specific obligations of lenders and debt collectors. Many of the more specific statutes and regulations that Washington cites in the various administrative complaints attached to his judicial complaint appear to provide no basis for a claim: as a few examples, 15 U.S.C. § 1601 is a declaration of purpose with no specific requirements, 15 U.S.C. § 1602 is a list of definitions, and 12 C.F.R. § 1026.61 concerns "hybrid prepaid-credit cards"—not the purported automotive loan at issue in this case. Given Washington's scattershot approach to largely inapplicable legal authority in the exhibits to his complaint, his failure to cite any particular provision in the complaint itself would leave a reasonable defendant guessing as to the asserted basis for liability.

To the extent Washington bases his claims on the use of positive rather than negative numbers to indicate a debt in the ledger that PCE provided to the CFPB and others, *see, e.g.*, Compl. ¶ 22 & Ex. A, the Court discerns no way in which that would be misleading in context. The ledger lists customer payments as negative numbers, interest and late fees as positive numbers, and shows payments decreasing the principal while interest and late fees increase it. *See id.* Exs. A, I. Any reader of this ledger would understand that the positive balance indicated a debt owed.

To the extent Washington's claims rest on PCE's alleged use of a "credit card," the attachments to his complaint suggest he is referring to his social security number or state identification card. *See* Compl. Ex. F ("Fact, my social security card, social security number, and CA Identification card is in fact a credit card as defined by federal law."). The Court is aware of no legal authority to support the proposition that such forms of identification are "credit cards" within the meaning of the laws at issue. The statute Washington cites states that the "term 'credit card' means any card, plate, coupon book or other credit device existing for the purpose of obtaining money, property, labor, or services on credit." 15 U.S.C. § 1602(*l*). While social security numbers and government identification cards are sometimes used as *identification* in the context of obtaining credit, they do not exist for the *purpose* of obtaining credit. Washington cannot base his claims on the premise that his social security card, social security number, or state

identification card is a "credit card."

It is not entirely clear that *nothing* in Washington's complaint could support a claim. That said, his conclusory assertions, attachments citing apparently inapplicable legal authority, reliance on untenable theories regarding the definition of a "credit card" and the significance of positive numbers, and failure to identify the legal theories he intends to pursue in this case, taken together, obscure any potential merit to his claims. As a whole, the complaint does not satisfy the requirements of Rule 8(a) and *Iqbal* to present a short and plain statement of Washington's claim, plausibly supported by factual allegations. Washington is therefore ORDERED TO SHOW CAUSE why his complaint should not be dismissed as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

## IV. CONCLUSION

For the reasons discussed above, Washington is ORDERED TO SHOW CAUSE why his complaint should not be dismissed, by filing either an amended complaint or a response arguing why his current complaint is sufficient, no later than October 18, 2021.

Any amended complaint must include the caption and civil case number used in this order (21-cv-02374) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaint, any amendment may not incorporate claims or allegations of Washington's original complaint by reference, but instead must include all of the facts and claims Washington wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Washington is encouraged to contact the Federal Pro Bono Project's Pro Se Help Desk for assistance as he continues to pursue this case. Lawyers at the Help Desk can provide basic assistance to parties representing themselves but cannot provide legal representation. Although in-person appointments are not currently available due to the COVID-19 public health emergency, Washington may contact the Help Desk at (415) 782-8982 or FedPro@sfbar.org to schedule a

/ / /

/ / /

/ / /

telephonic appointment.

**IT IS SO ORDERED.**

Dated: September 20, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge